**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN WESLEY STATEN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-13-CA-279-SS** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

      The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

      Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner's application was originally filed in Cause No. A-13-CV-254-SS. Petitioner challenges convictions out of Williamson County and Travis County. After consideration of his application, the Court severed Petitioner's challenges to his Williamson County conviction from his challenges to his Travis County conviction. The Court directed the Clerk to open a new case for Petitioner's challenges to his Williamson County conviction, which resulted in the instant Cause No. A-13-CV-279-SS. Petitioner's challenges to his Travis County conviction remain in Cause No. A-13-CV-254-SS. Respondent has filed an Answer (Document 13) to which Petitioner

responds with his "Answer to States letter of 7/11/13, and for Summary, Default Judgment Discovery, Hearings, Bail, Appoint Counsel" (Document 15).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas, in cause number 08-1383-K368.  Petitioner was charged in this cause with two counts of sexual assault of a child.  On June 23, 2009, Petitioner pleaded guilty to both counts of sexual assault of a child as part of a plea bargain agreement.  Pursuant to the agreement, the trial court sentenced Petitioner to ten years in prison for each count, with the sentences running concurrently with his prior Travis County sentence. Petitioner did not appeal his Williamson County conviction.

Respondent asserts the Director also has custody of Petitioner pursuant to a judgment and sentence of the 427th Judicial District Court of Travis County, Texas, in cause number D-1-DC-08-204681.  Petitioner was charged in this cause with sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure.  On January 26, 2009, Petitioner pleaded guilty to the charge of sexual assault of a child.  The trial court sentenced him to ten years in prison. Petitioner did not appeal his Travis County conviction.

Petitioner challenged his Williamson County conviction in a state application for habeas corpus relief.  The Texas Court of Criminal Appeals denied the application without written order on

2

the findings of the trial court without a hearing on December 5, 2012.  Ex parte Staten, Appl.

No. 78,524-01 at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

    1.    His conviction is illegal because:

        a.    the evidence was fabricated and resulted in the conviction of an innocent person;

        b.    there was no valid complaint from the victim, meaning the court had no jurisdiction;

        c.    it is the product of corruption;

        d.    there was no evidence to support an arrest; and

        e.    he was coerced to plead guilty;

    2.    Trial counsel rendered ineffective assistance by conspiring to cause two different convictions in two different counties for the same offense;

    3.    The State is illegally depriving him of time credits; and

    4.    The State is withholding exculpatory evidence and he is actually innocent.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. The Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for

state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides,

in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Application

Petitioner's conviction became final, at the latest, on July 23, 2009, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until July 23, 2010, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until March 25, 2013, after the limitations period had expired. Petitioner's state application did not operate to toll the limitations period, because it was also filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner may be asserting he is entitled to equitable tolling because he not proficient in the law. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "A habeas petitioner is entitled to equitable tolling only

4

if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 130 S. Ct. at 2565 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed

5

to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted.

Petitioner may also be contending the untimeliness of his application should be excused, because he is actually innocent.  In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995).  A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency.  Bousely v. United States, 523 U.S. 614, 623–624 (1998).  In this case, Petitioner has made no valid attempt to show he was actually innocent.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Because Petitioner's application is clearly time-barred, it is unnecessary to review the merits of his claims.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred and Petitioner's "Answer to States letter of 7/11/13, and for Summary, Default Judgment Discovery, Hearings, Bail, Appoint Counsel," to the extent it is considered a motion, be denied.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE